**STATE of Missouri, Respondent,**

v.

**David R. HUDSON, Appellant.**

**No. ED 96609–01.**

Missouri Court of Appeals, Eastern District, Division Four.

Nov. 20, 2012.

Jessica Hathaway, St. Louis, MO, for appellant.

Melissa Nicole Moody, St Louis, MO, for respondent.

LAWRENCE E. MOONEY, Presiding Judge.

The defendant, David Hudson, appeals the judgment entered by the Circuit Court of the City of St. Louis following his conviction by a jury of one count of the class A misdemeanor of third-degree domestic assault, in violation of section 565.074 RSMo. (2000), and one count of the class A misdemeanor of harassment, in violation of section 565.090.1(5) RSMo. (Supp.2011).

We affirm in part and reverse in part. The defendant raises no claim of error concerning his conviction for third-degree

domestic assault, and briefs no issue in that regard. Consequently, we affirm his conviction for third-degree domestic assault, and he must serve the sentence of one year of incarceration imposed on that count. The defendant, however, challenges his conviction for harassment. Thus, we review only the conviction for that offense.

The defendant challenges his conviction for harassment on two bases. In his first point, the defendant challenges the sufficiency of the evidence to support his conviction. In his second point, he claims that section 565.090.1(5) is unconstitutionally overbroad and vague. We find the defendant's second point dispositive. Because the Missouri Supreme Court recently invalidated section 565.090.1(5) as unconstitutionally overbroad in *State v. Vaughn*, 366 S.W.3d 513, 522 (Mo. banc 2012), we reverse the defendant's conviction for harassment pursuant to that statute.

Viewing the evidence presented at trial in the light most favorable to the verdict, the defendant and the victim, B.R., began a dating relationship and moved in together a short time later. B.R. testified that the defendant soon became jealous and abusive toward her. During one argument, the defendant shoved B.R.'s head into a wall while she was holding her 18–month–old child, causing the child's head to strike the wall as well. B.R. ended the relationship with the defendant. B.R. explained that despite ending the relationship, the defendant constantly sent her text messages and telephoned her, calling her "a bitch" and telling her that she would die soon because he was HIV-positive. B.R. did not respond to the defendant's calls and text messages. Fearing for her safety, B.R. called the police to report the harassment three times between October 15 and October 17, 2010.

■ The State charged the defendant as a prior and persistent felony offender with the class A misdemeanors of third-degree domestic assault and harassment. The jury convicted the defendant on both counts, and on April 8, 2011, the trial court sentenced him to one year of incarceration on each count, to be served concurrently. The defendant filed his notice of appeal five days later. While the defendant's appeal was pending, the Missouri Supreme Court invalidated section 565.090.1(5). *Vaughn*, 366 S.W.3d at 522.

The defendant concedes that he did not challenge the constitutionality of the statute in the trial court, and requests plain-error review. Rule 30.20 provides that this Court has the discretion to consider plain errors affecting substantial rights when we find that manifest injustice or miscarriage of justice has resulted. *State v. Burgin*, 203 S.W.3d 713, 715 (Mo.App. E.D.2006). Plain error for purposes of Rule 30.20 is error that is evident, obvious, and clear. *Id.* A request for plain-error review triggers a two-step analysis. *Id.* at 716. We first determine whether the asserted claim of plain error facially establishes substantial grounds to believe that a manifest injustice or miscarriage of justice has occurred. *Id.* If we find that facially substantial grounds exist, we then undertake plain-error review to determine whether manifest injustice or a miscarriage of justice actually occurred. *Id.*

■ "A conviction under an unconstitutional statute is void." *Id.* The defendant's conviction under a statute that the Supreme Court later invalidated in *State v. Vaughn* facially establishes grounds for believing that manifest injustice has occurred. Accordingly, we find plain-error review warranted.

When the State charged the defendant and secured his conviction for harassment, section 565.090.1(5) provided that a person

commits the crime of harassment if he knowingly makes repeated unwanted communication to another person. Following the defendant's conviction, the Supreme Court handed down *State v. Vaughn*, which invalidated section 565.090.1(5). The *Vaughn* Court explained that on its face, section 565.090.1(5) criminalizes a substantial amount of expression protected by the First Amendment. 366 S.W.3d at 519–20. Consequently, the Supreme Court held that section 565.090.1(5) is unconstitutionally overbroad, and the Court severed subdivision (5) from the remainder of the statute. *Id.* at 520–21.

■ Where the law changes after the trial court renders judgment, but before the appellate court renders its decision, "the law must be obeyed, or its obligation denied." *Burgin*, 203 S.W.3d at 717 (quoting *Sumners v. Sumners*, 701 S.W.2d 720, 723 (Mo. banc 1985)). Thus, even though the Supreme Court decided *Vaughn* after the defendant's conviction, we find it properly applies to this case.

The *Vaughn* Court held section 565.090.1(5) unconstitutionally overbroad. A conviction under an unconstitutional statute is not merely erroneous, but illegal and void, and cannot form the legal basis for imprisonment. *Id.* at 717–18. Thus, we conclude that the defendant's incarceration pursuant to this conviction would be manifestly unjust.

Because the defendant raises no claim of error concerning his conviction for third-degree domestic assault, we affirm that portion of the trial court's judgment convicting him of that offense. Because our Supreme Court has held that the statutory subdivision under which the defendant stands convicted of harassment is unconstitutionally overbroad, his conviction pursuant to that subdivision is illegal and void.

Thus, we reverse the defendant's conviction for harassment.

PATRICIA L. COHEN, J. and KURT S. ODENWALD, J., concur.